Robert HINES and Ruth C. Hines, his wife, Plaintiffs-Appellants,

v.

TENNECO CHEMICALS, INC., Defendant-Appellee.

No. 83–2126.

United States Court of Appeals, Fifth Circuit.

April 2, 1984.

Ortega & Snead, William E. Snead, Daniel Shapiro, Michael D. Bustamante, Albuquerque, N.M., for plaintiffs-appellants.

Vinson & Elkins, H. Ronald Welsh, Houston, Tex., Joseph T.C. Hart, Fulton, Duncombe & Rowe, George S. Flint, New York City, for defendant-appellee.

Before BROWN, GEE and WILLIAMS, Circuit Judges.

GEE, Circuit Judge:

In 1943 Mrs. Hines, a North Carolina resident, underwent a diagnostic procedure requiring the injection of a radioactive dye into her system. Thirty-six years later she brought an action in the state courts of Texas, asserting that the dye had caused her personal injury. Removal brought her suit to federal district court, 546 F.Supp. 1229 (D.C.Tex.1982), where she suffered summary judgment on the basis of a North Carolina statute of repose. Concluding that the trial court was correct, we affirm its judgment.

The statute in question, North Carolina General Statute § 1–15(b), requires that actions for personal injuries that are not readily apparent—such as that of Mrs. Hines—be brought within ten years of the last act of the defendant asserted to have given rise to the claim.[1] The trial court determined—

---

1. Section 1–15(b) provides:
   Except where otherwise provided by statute, a cause of action, other than one for wrongful death, having as an essential element bodily injury to the person or a defect in or damage to property which originated under circumstances making the injury, defect or damage not readily apparent to the claimant

and it is not complained of on appeal—that the substantive law of North Carolina governs the merits of the case since Texas, the forum state, follows the "most significant relationship" test for choice of law and North Carolina bears that relationship to this claim. *Gutierrez v. Collins,* 583 S.W.2d 312 (Tex.1979). We therefore sit as a surrogate North Carolina intermediate appellate court.

 The first of Mrs. Hines complaints to us on appeal is foreclosed by *Lamb v. Wedgewood South Corp.,* 302 S.E.2d 868 (N.C.1983): such statutes of repose as this do not violate the "access to courts" clause of the North Carolina Constitution.[2] Another, that the statute is procedural and extinguishes the remedy only, rather than substantive so as to extinguish the right to which it applies, was conceded at oral argument by counsel.

Mrs. Hines' final contention is that since another North Carolina statute of limitations of the usual, procedural type had already barred her claim by the time G.S. § 1–15(b) was enacted in 1971, that statute of repose did not apply to it. This is said to follow as "a commonsense corollary" of the holding in *Ballenger v. Crowell,* 38 N.C. App. 50, 247 S.E.2d 287 (1978), that the effect of such statutes is not to *revive* actions already barred at common law. We are unable to follow this reasoning.

The issue that we address is an esoteric one indeed: the intended effect of a statute of repose on actions already barred by other statutes of limitations. Obviously, it is one that could scarcely arise in a North Carolina court, and we are loath to derive by analogy from other holdings an answer to an issue unlikely even to occur to such a court and which no such court will likely ever be called on to consider. Even so, in the *Ballenger* court's observation that despite its concession to the discovery theory of limita-

tions, the new statute did not operate to revive claims already barred under North Carolina's strict occurrence of injury rule, we find generalized support for what seems to us the only rational construction of such a statute of repose.

Such enactments are intended as final and outside time limitations on the bringing of causes. It would make little sense indeed to apply one to more recently accrued causes, while holding that it does not apply to such claims as that of Mrs. Hines, which had its inception over forty years ago, because other limitations have already run. We decline, absent any North Carolina authority so suggesting, to do so.

AFFIRMED.

---

at the time of its origin, is deemed to have accrued at the time the injury was discovered by the claimant or ought reasonably to have been discovered by him, whichever event occurs first; provided that in such cases the period shall not exceed ten years from the

last act of the defendant giving rise to the claim for relief.

2. There a similar statute governing actions for construction defects was upheld against such an attack. The principle at issue is identical to that in our case.